**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL HEALTH LAW PROGRAM,<br>1512 E. Franklin Street, Suite 110<br>Chapel Hill, NC 27514,<br><br>        *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH &<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>CENTERS FOR MEDICARE & MEDICAID<br>SERVICES,<br>7500 Security Boulevard<br>Baltimore, MD 21244,<br><br>        *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:26-cv-01200<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

1. The National Health Law Program brings this case following failures by the U.S. Department of Health and Human Services (HHS) and the Centers for Medicare and Medicaid Services (CMS) to produce records in response to requests under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, regarding data sharing between these two agencies and Immigration and Customs Enforcement (ICE).

2. HHS and CMS receive a wide range of personal information about participants in the Medicaid program. *See e.g.*, 42 U.S.C. § 1369b(r)(1)(F); Privacy Act of 1974, System of Records, 84 Fed. Reg. 2230 (Feb. 6, 2019).

1

3.      Historically, HHS and CMS have not given ICE the personal information they collect related to administration of the Medicaid program. *See* Order on Mot. for Prelim. Injunction, *California v. U.S. Dep't of Health & Hum. Servs.*, No. 25-cv-05536-VC, 2025 WL 2356224 at *1 (N.D. Cal. Aug. 12, 2025) (summarizing previous policies relating to sharing of data of Medicaid participants between federal agencies).

4.      In the summer of 2025, HHS and CMS abruptly changed course and began sharing Medicaid data with ICE for purposes of immigration enforcement. *Id.*

5.      Since that change in practice, HHS and CMS have not disclosed the full nature and scope of the information that has been or will be provided to ICE. *See* Order on Mot. for Prelim. Injunction, *California v. U.S. Dep't of Health & Hum. Servs.*, No. 25-cv-05536-VC, 2025 WL 3751931 at *1, 3 (Dec. 29, 2025) (finding that new ICE and HHS policies are "totally unclear" as to what information will be shared); Pls.' Mot. to Enforce at 1, *California v. U.S. Dep't of Health & Hum. Servs.*, No. 25-cv-05536-VC (N.D. Cal. Mar. 26, 2026), ECF No. 151 (alleging HHS and ICE "have failed to provide satisfactory responses to even the most basic questions from Plaintiffs" regarding data sharing).

6.      On February 17, 2026, the National Health Law Program (NHeLP) filed FOIA requests with HHS and CMS seeking records with the potential to shed light on the nature and scope of the data that HHS and CMS have shared or plan to share with ICE.

7.      In light of the need to inform the public about this important matter and having received no production of responsive records or final determinations on its FOIA requests to HHS and CMS, NHeLP brings this action against HHS and CMS under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

9.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

10.      Defendant HHS has failed to issue a determination on NHeLP's requests within the applicable time-limit provisions of FOIA.

11.      Defendant CMS has failed to issue a determination on NHeLP's requests within the applicable time-limit provisions of FOIA.

12.      Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, NHeLP is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

13.      Plaintiff NHeLP is a nonpartisan, non-profit section 501(c)(3) organization dedicated to protecting and advancing health rights of low-income and underserved people. In furtherance of its mission, NHeLP partners with a range of federal, state, and local organizations that assist individuals and families who are seeking or receiving health coverage through Medicaid.

14.      Defendant U.S. Department of Health and Human Services is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

15.      HHS has possession, custody, and control of records that NHeLP seeks.

16.     Defendant Centers for Medicare & Medicaid Services is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Baltimore, M.D.

17.     CMS has possession, custody, and control of records that NHeLP seeks.

### STATEMENT OF FACTS

*HHS Request – Policies and Practices (HHS P&P Request)*

18.     On February 17, 2026, NHeLP submitted a FOIA request to HHS seeking records from July 9, 2025, through the date the search is conducted (HHS P&P Request).

19.     The HHS P&P Request included requests for a fee waiver and expedited processing.

20.     A true and correct copy of the HHS P&P Request is attached as Exhibit A and incorporated by reference herein.

21.     Within minutes of submitting the HHS P&P Request, NHeLP received a general email from "SecureRelease™ Support (Contractor)" indicating that NHeLP could track the status of its FOIA request using the SecureRelease portal.

22.     According to the SecureRelease portal, HHS assigned NHeLP's FOIA request number 2026-HHS-FOIA-001921.

23.     As of the date of this Complaint, NHeLP has received no further communication from HHS regarding the HHS P&P Request.

24.     As of the date of this Complaint, HHS has not issued a final determination in response to the HHS P&P Request.

25.     As of the date of this Complaint, HHS has not produced any records responsive to the HHS P&P Request.

*CMS Request – Policies and Practices (CMS P&P Request)*

26.     On February 17, 2026, NHeLP submitted a FOIA request to CMS seeking records from July 9, 2025 through the date the search is conducted (CMS P&P Request).

27.     The CMS P&P Request included requests for a fee waiver and expedited processing.

28.     A true and correct copy of the CMS P&P Request is attached as Exhibit A and incorporated by reference herein.

29.     Exhibit A is a single document that was addressed and submitted to both HHS (HHS P&P Request) and CMS (CMS P&P Request).

30.     On February 26, 2026, CMS acknowledged receipt of the CMS P&P Request and assigned it control number 021720267122.

31.     In its acknowledgment correspondence, CMS indicated that "[t]he following unusual circumstances, as defined by 5 USC § 552(a)(6)(B), may affect our ability to fulfill a FOIA request within 20 business days. These include circumstances such as (1) the request requires us to search for and collect records from multiple components and/or field offices; (2) the request involves a voluminous number of records that must be located, compiled, transferred to this office, and reviewed."

32.     Also on February 26, 2026, CMS granted NHeLP's requests for a fee waiver and expedited processing.

33.     On March 9, 2026, CMS emailed NHeLP seeking "clarification regarding the subject matter" of the CMS P&P Request.

34.     On March 12, 2026, NHeLP submitted a final response to CMS's request for clarification via email.

35. As of the date of this Complaint, NHeLP has received no further communication from CMS regarding the CMS P&P Request.

36. As of the date of this Complaint, CMS has not issued a final determination in response to the CMS P&P Request.

37. As of the date of this Complaint, CMS has not produced any records responsive to the CMS P&P Request.

*HHS Request – Communications with DHS (HHS Comms Request)*

38. On February 17, 2026, NHeLP submitted a FOIA request to HHS seeking records from July 9, 2025 through the date the search is conducted (HHS Comms Request).

39. The HHS Comms Request included requests for a fee waiver and expedited processing.

40. A true and correct copy of the HHS Comms Request is attached as Exhibit B and incorporated by reference herein.

41. Within minutes of submitting the request, NHeLP received an email from "SecureRelease$^{TM}$ Support (Contractor)" indicating that NHeLP could track the status of the HHS Comms Request using the SecureRelease portal.

42. According to the SecureRelease portal, HHS assigned the HHS Comms Request number 2026-HHS-FOIA-001922.

43. As of the date of this Complaint, NHeLP has received no further communication from HHS regarding the HHS Comms Request.

44. As of the date of this Complaint, HHS has not issued a final determination in response to the HHS Comms Request.

45.     As of the date of this Complaint, HHS has not produced any records responsive to the HHS Comms Request.

*CMS Request – Communications with DHS (CMS Comms Request)*

46.     On February 17, 2026, NHeLP submitted a FOIA request to CMS seeking records from July 9, 2025 through the date the search is conducted (CMS Comms Request).

47.     The CMS Comms Request included requests for a fee waiver and expedited processing.

48.     A true and correct copy of the CMS Comms Request is attached as Exhibit B and incorporated by reference herein.

49.     Exhibit B is a single document that was addressed and submitted to both HHS (HHS Comms Request) and CMS (CMS Comms Request).

50.     On February 24, 2026, CMS acknowledged receipt of the CMS Comms Request and assigned it control number 021720267123.

51.     In its acknowledgment correspondence, CMS indicated that "[t]he following unusual circumstances, as defined by 5 USC § 552(a)(6)(B), may affect our ability to fulfill a FOIA request within 20 business days. These include circumstances such as (1) the request requires us to search for and collect records from multiple components and/or field offices; (2) the request involves a voluminous number of records that must be located, compiled, transferred to this office, and reviewed."

52.     On March 2, 2026, CMS granted NHeLP's requests for a fee waiver and expedited processing.

53.    As of the date of this Complaint, CMS has not issued a final determination in response to the CMS Comms Request.

54.    As of the date of this Complaint, CMS has not produced any records responsive to the CMS Comms Request.

*HHS Request – State Requests and Responses (HHS State Request)*

55.    On February 17, 2026, NHeLP submitted a FOIA request to HHS seeking records from July 9, 2025 through the date the search is conducted (HHS State Request).

56.    The HHS State Request included requests for a fee waiver and expedited processing.

57.    A true and correct copy of the HHS State Request is attached as Exhibit C and incorporated by reference herein.

58.    Within minutes of submitting the HHS State Request, NHeLP received an email from "SecureRelease$^{TM}$ Support (Contractor)" indicating that NHeLP could track the status of the request using the SecureRelease portal.

59.    According to the SecureRelease portal, HHS assigned the HHS State Request number 2026-HHS-FOIA-001924.

60.    As of the date of this Complaint, NHeLP has received no further communication from HHS regarding the HHS State Request.

61.    As of the date of this Complaint, HHS has not issued a final determination in response to the HHS State Request.

62.    As of the date of this Complaint, HHS has not produced any records responsive to the HHS State Request.

*CMS Request – State Requests and Responses (CMS State Request)*

63.    On February 17, 2026, NHeLP submitted a FOIA request to CMS seeking records from July 9, 2025 through the date the search is conducted (CMS State Request).

64.    The CMS State Request included requests for a fee waiver and expedited processing.

65.    A true and correct copy of the CMS State Request is attached as Exhibit C and incorporated by reference herein.

66.    Exhibit C is a single document that was addressed and submitted to both HHS (HHS State Request) and CMS (CMS State Request).

67.    On February 24, 2026, CMS acknowledged receipt of the CMS State Request and assigned it control number 021720267125.

68.    In its acknowledgment correspondence, CMS indicated that "[t]he following unusual circumstances, as defined by 5 USC § 552(a)(6)(B), may affect our ability to fulfill a FOIA request within 20 business days. These include circumstances such as (1) the request requires us to search for and collect records from multiple components and/or field offices; (2) the request involves a voluminous number of records that must be located, compiled, transferred to this office, and reviewed."

69.    On February 26, 2026, CMS granted NHeLP's requests for a fee waiver and expedited processing.

70.    On March 9, 2026, CMS emailed NHeLP seeking "clarification regarding the subject matter" of the CMS State Request.

71.     On March 12, 2026, NHeLP submitted a final response to CMS's request for clarification via email.

72.     As of the date of this Complaint, NHeLP has received no further communication from CMS regarding the CMS State Request.

73.     As of the date of this Complaint, CMS has not issued a final determination in response to the CMS State Request.

74.     As of the date of this Complaint, CMS has not produced any records responsive to the CMS State Request.

*HHS Request – Number of Impacted Persons (HHS Impacted Persons Request)*

75.     On February 17, 2026, NHeLP submitted a FOIA request to HHS seeking records from July 9, 2025 through the date the search is conducted (HHS Impacted Persons Request).

76.     The HHS Impacted Persons Request included requests for a fee waiver and expedited processing.

77.     A true and correct copy of the HHS Impacted Persons Request is attached as Exhibit D and incorporated by reference herein.

78.     Within minutes of submitting the HHS Impacted Persons Request, NHeLP received an email from "SecureRelease$^{TM}$ Support (Contractor)" indicating that NHeLP could track the status of the request using the SecureRelease portal.

79.     According to the SecureRelease portal, HHS assigned the HHS Impacted Persons Request number 2026-HHS-FOIA-001925.

80.     As of the date of this Complaint, NHeLP has received no further communication from HHS regarding the HHS Impacted Persons Request.

81.     As of the date of this Complaint, HHS has not issued a final determination in response to the HHS Impacted Persons Request.

82.     As of the date of this Complaint, HHS has not produced any records responsive to the HHS Impacted Persons Request.

*CMS Request – Number of Impacted Persons (CMS Impacted Persons Request)*

83.     On February 17, 2026, NHeLP submitted a FOIA request to CMS seeking records from July 9, 2025 through the date the search is conducted (CMS Impacted Persons Request).

84.     The CMS Impacted Persons Request included requests for a fee waiver and expedited processing.

85.     A true and correct copy of the CMS Impacted Persons Request is attached as Exhibit D and incorporated by reference herein.

86.     Exhibit D is a single document that was addressed and submitted to both HHS (HHS Impacted Persons Request) and CMS (CMS Impacted Persons Request).

87.     On February 24, 2026, CMS acknowledged receipt of the CMS Impacted Persons Request and assigned it control number 021720267126.

88.     In its acknowledgment correspondence, CMS indicated that "[t]he following unusual circumstances, as defined by 5 USC § 552(a)(6)(B), may affect our ability to fulfill a FOIA request within 20 business days. These include circumstances such as (1) the request requires us to search for and collect records from multiple components and/or field offices; (2) the request involves a voluminous number of records that must be located, compiled, transferred to this office, and reviewed."

89.     On February 25, 2026, CMS granted NHeLP's requests for a fee waiver and expedited processing.

90.     As of the date of this Complaint, NHeLP has received no further communication from CMS regarding the CMS Impacted Persons Request.

91.     As of the date of this Complaint, CMS has not issued a final determination in response to the CMS Impacted Persons Request.

92.     As of the date of this Complaint, CMS has not produced any records responsive to the CMS Impacted Persons Request.

*HHS Request – Scope of Data Sharing (HHS Sharing Scope Request)*

93.     On February 17, 2026, NHeLP submitted a FOIA request to HHS seeking records from July 9, 2025 through the date the search is conducted (HHS Sharing Scope Request).

94.     The HHS Sharing Scope Request included requests for a fee waiver and expedited processing.

95.     A true and correct copy of the HHS Sharing Scope Request is attached as Exhibit E and incorporated by reference herein.

96.     Within minutes of submitting the HHS Sharing Scope Request, NHeLP received an email from "SecureRelease™ Support (Contractor)" indicating that NHeLP could track the status of the request using the SecureRelease portal.

97.     According to the SecureRelease portal, HHS assigned the HHS Sharing Scope Request number 2026-HHS-FOIA-001926.

98.     As of the date of this Complaint, NHeLP has received no further communication from HHS regarding the HHS Sharing Scope Request.

99.     As of the date of this Complaint, HHS has not issued a final determination in response to the HHS Sharing Scope Request.

100.     As of the date of this Complaint, HHS has not produced any records responsive to the HHS Sharing Scope Request.

*CMS Request – Scope of Data Sharing (CMS Sharing Scope Request)*

101.     On February 17, 2026, NHeLP submitted a FOIA request to CMS seeking records from July 9, 2025 through the date the search is conducted (CMS Sharing Scope Request).

102.     The CMS Sharing Scope Request included requests for a fee waiver and expedited processing.

103.     A true and correct copy of the CMS Sharing Scope Request is attached as Exhibit E and incorporated by reference herein.

104.     Exhibit E is a single document that was addressed and submitted to both HHS (HHS Sharing Scope Request) and CMS (CMS Sharing Scope Request).

105.     On February 24, 2026, CMS acknowledged receipt of the CMS Sharing Scope Request and assigned it control number 021720267127.

106.     In its acknowledgement correspondence, CMS indicated that "[t]he following unusual circumstances, as defined by 5 USC § 552(a)(6)(B), may affect our ability to fulfill a FOIA request within 20 business days. These include circumstances such as (1) the request requires us to search for and collect records from multiple components and/or field offices; (2) the request involves a voluminous number of records that must be located, compiled, transferred to this office, and reviewed."

107.    As of the date of this Complaint, NHeLP has received no further communication from CMS regarding the CMS Sharing Scope Request.

108.    As of the date of this Complaint, CMS has not issued a final determination in response to the CMS Sharing Scope Request.

109.    As of the date of this Complaint, CMS has not produced any records responsive to the CMS Sharing Scope Request.

*Exhaustion of Administrative Remedies*

110.    As of the date of this Complaint, Defendants have failed to: (a) notify NHeLP of a final determination regarding NHeLP's FOIA requests identified in this pleading, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

111.    Through Defendants' failure to respond to NHeLP's FOIA requests within the time period required by law, NHeLP has constructively exhausted its administrative remedies and is entitled to immediate judicial review.

### COUNT I
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

112.    NHeLP repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

113.    NHeLP properly requested records within the possession, custody, and control of Defendants.

14

114. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

115. Defendants have failed to promptly and adequately search for agency records that are responsive to NHeLP's FOIA requests identified in this pleading.

116. The failure of each Defendant to conduct an adequate search for responsive records violates FOIA.

117. Plaintiff NHeLP is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to NHeLP's FOIA requests identified in this pleading.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

118. NHeLP repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

119. NHeLP properly requested records within the possession, custody, and control of Defendants.

120. Defendants are wrongfully withholding non-exempt agency records requested by NHeLP by failing to produce non-exempt records responsive to its FOIA requests identified in this pleading.

121. Defendants are wrongfully withholding non-exempt agency records requested by NHeLP by failing to segregate exempt information in otherwise non-exempt records responsive to NHeLP's FOIA requests identified in this pleading.

122. Each Defendant's failure to provide all non-exempt responsive records violates FOIA.

15

123.    Plaintiff NHeLP is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests identified in this pleading and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, NHeLP respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to NHeLP's FOIA requests identified in this pleading;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to NHeLP's FOIA requests identified in this pleading with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to NHeLP's FOIA requests identified in this pleading;

(4) Award NHeLP the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(e); and

(5) Grant NHeLP such other relief as the Court deems just and proper.


Dated: April 9, 2026                          Respectfully submitted,

                                              /s/ Benjamin A. Sparks
                                              Jessica Jensen
                                              D.C. Bar No. 1048305
                                              Benjamin A. Sparks
                                              D.C. Bar No. 90020649
                                              AMERICAN OVERSIGHT
                                              1030 15th Street NW, B255
                                              Washington, DC 20005

(202) 869-5246
(202) 873-1741
Jessica.jensen@americanoversight.org
ben.sparks@americanoversight.org

Sarah Grusin
Catherine McKee
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin St., Suite 110
Chapel Hill, NC 27514
(919) 968-6308
grusin@healthlaw.org
mckee@healthlaw.org

17